UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARVEST BANK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 1:15-cv-11798-IT |
| RSA SECURITY INC., | * |
| RSA SECURITY LLC, and | * |
| EMC CORPORATION, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

September 29, 2017

TALWANI, D.J.

I. Introduction

As stated in this court's Order [#121], Plaintiff Arvest Bank ("Arvest") purchased a license to use Defendants RSA Security, Inc., RSA Security LLC, and EMC Corporation's (collectively, "RSA") software as part of Arvest's online banking business. That order addressed Arvest's Motion for Partial Summary Judgment [#89] in part. Before the court is the remainder of that motion, which argues that, as a matter of law, the Intellectual Property Indemnity provision ("Indemnity Provision") in the software license agreement executed by the parties[1] was triggered by litigation brought against Arvest by Secure Axcess. For the following reasons, the remainder of Arvest's Motion [#89] is DENIED.

---

[1] The full text of the operative contract—captioned "Software License and Support Service Agreement"— is appended as Exhibit 1 to the Declaration of Samuel Brenner [#77], and will hereinafter be referred to as the "Agreement."

II. <u>Discussion</u>

Arvest first seeks summary judgment as to contract interpretation. Under Massachusetts law, "[i]f a contract . . . is unambiguous, its interpretation is a question of law that is appropriate for a judge to decide on summary judgment." <u>Seaco Ins. Co. v. Barbosa</u>, 761 N.E.2d 946, 951 (Mass. 2002). In such circumstances, the court interprets the agreement according to its plain terms. <u>Fairfield 274-278 Clarendon Trust v. Dwek</u>, 970 F.2d 990, 993 (1st Cir. 1992). "Where, however, the contract . . . has terms that are ambiguous, uncertain, or equivocal in meaning, the intent of the parties is a question of fact to be determined at trial," <u>Seaco Ins. Co.</u>, 761 N.E.2d at 951, unless the evidence presented about the parties' intended meaning is so "one-sided that no reasonable person could decide to the contrary." <u>Allen v. Adage, Inc.</u>, 967 F.2d 695, 698 (1st Cir. 1992) (internal quotations omitted).

The contract language reads in pertinent part as follows:

> RSA shall defend, indemnify, and hold [Arvest] . . . harmless from and against all claims, actions, judgments, awards, expenses (including reasonable attorneys' fees) and awarded damages assessed against [Arvest] . . . <u>that arise from a claim that the current, unaltered release of the Licensed Software used in accordance with the terms of this Agreement infringes a third party . . . patent.</u>"
>
> Notwithstanding the foregoing, RSA has no liability under this Section . . . if the alleged infringement arises from (1) use of the Licensed Software in combination with other equipment or software not provided or recommended in writing by RSA if such claim would have been avoided but for such combined use.

Agreement ¶ 11(d)(1), (2) (emphasis added).

Arvest argues this language means that RSA agreed to defend against and indemnify losses for any infringement claim against Arvest that arises from use of the Licensed Software. Pl. Mem. [#19] 19. It argues that the phrase "used in accordance with the terms of this Agreement" modifies the term "Licensed Software," and the clause thus covers a third-party claim that "arise[s] from the Licensed Software being 'used'" <u>Id.</u> Arvest points in support of this

2

reading to language in the next paragraph, which forecloses liability "if the alleged infringement arises from . . . use of the Licensed Software in combination with other equipment or software not provided or recommended in writing by RSA if such claim would have been avoided but for such combined use . . . ." Agreement ¶ 11(d)(2). In Arvest's view, by excluding alleged infringement arising from combined use with non-recommended products, the contract covers infringement arising from combined use with recommended products—even, it appears, if the claim is not at all directed at RSA's contribution to that combined use.

RSA, in turn, argues that the subject of the infringement claim must be the "Licensed Software," and the phrase "used in accordance with the agreement" is a limitation, such that if the licensee uses the Licensed Software contrary to the Agreement, no obligations would be triggered. In RSA's reading, RSA is obligated to defend and indemnify an infringement claim directed at RSA's "Licensed Software," not a claim that "arises from" the "use" of the Licensed Software.

The plain language of the contract is ambiguous. While Arvest contends that RSA's reading of the contract would require an additional term (that the Licensed Software <u>itself</u> infringes), RSA's reading is more than plausible, even without that term. And contrary to Arvest's construction and consistent with RSA's reading, the contract could be understood to cover claims against the Licensed Software alone, as well as claims arising from combined use of the Licensed Software with other recommended products, so long as the claim is directed at the Licensed Software at least in part. In sum, Arvest is not entitled to summary judgment based on unambiguous contract language.

Nor is summary judgment warranted based on undisputed material facts as to the parties' intent. Little extrinsic evidence has been provided to the court, and that provided, such as the

3

deposition testimony excerpted by Arvest, see, e.g., Pl.'s Statement of Fact [#91] ¶¶ 56-63, does not lend itself to only a single interpretation.

The second part of Arvest's Motion [#89] seeks judgment that the Secure Axcess litigation triggered RSA's indemnity and defense obligations under Arvest's interpretation. However, as the court declines to adopt as a matter of law the interpretation Arvest proposes, the court need not reach whether that interpretation renders RSA in breach.

III. Conclusion

For the reasons foregoing, the remainder of Arvest's Motion [#89] is DENIED.

IT IS SO ORDERED.

September 29, 2017 /s/ Indira Talwani
United States District Judge